JOHN L. BURRIS, Esq., SBN 69888
BENJAMIN NISENBAUM, Esq., SBN 222173
CHRISTOPHER A. DEAN, Esq., PLN 550332
**LAW OFFICES OF BURRIS, NISENBAUM, CURRY, LACY**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
Bnisenbaum@gmail.com
Chris.dean@johnburrislaw.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREIM MCKNIGHT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO FIRE DEPARTMENT, SAN FRANCISCO POLICE DEPARTMENT and DOES 1-50, inclusive, individually, jointly and severally,<br><br>　　　　Defendants. | CASE NO.: 3:22-cv-4600<br><br><u>COMPLAINT FOR DAMAGES</u><br>(42 U.S.C § 1983; and pendent tort claims)<br><br><u>JURY TRIAL DEMANDED</u> |

## INTRODUCTION

1.　On June 13, 2022, Ms. Kareim McKnight along with her friend Amanda Piasecki went to the Warriors playoff game against the Boston Celtics at the Chase Center in San Francisco, California. During the first quarter of the game, Ms. McKnight and Ms. Piasecki peacefully engaged in an act of civil disobedience to protest the United States Supreme Court's

recent decision to overturn the landmark case, *Roe v. Wade*. Ms. McKnight and her friend proceeded to the floor, near floor seats, and displayed their banners which stated, "Overturn Roe? Hell No!" As the women reached the main floor, they were met by Allied Universal Security guards who forcibly dragged Ms. McKnight and her friend out of the arena into the stadium garage. Outside the arena, Ms. McKnight was aggressively pulled from behind and forced on the ground.

  2. While lying prone, a security guard placed his knee in her back. During this time, Ms. McKnight continued to state that she was engaging in an act of civil disobedience. However, Ms. McKnight, who did not show any signs of resistance or agitation, was handcuffed. As Ms. McKnight lay handcuffed, she continued to verbally chant, "Overturn Roe? Hell No!" At this time, a San Francisco police officer threatened Ms. McKnight that she would be injected with a sedative if she did not comply. Ms. McKnight strongly refused to be injected with a sedative. Despite of her protest and without her consent, a San Francisco Fire Department personnel injected Ms. McKnight with a sedative/hypnotic agent against her will while she lay strapped to a gurney. Under no circumstances, did Ms. McKnight become physical or present any signs of threatening behavior. Therefore, the San Francisco Fire Department personnel were without just cause in injecting Ms. McKnight. Thereafter, Ms. McKnight was then taken to Kaiser Hospital where she was released after a short period of time.

## JURISDICTION AND VENUE

  3. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action

under 28 U.S.C. § 1367. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the state law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**PARTIES**

4. Plaintiff KAREIM MCKNIGHT ("PLAINTIFF" or "MCKNIGHT") has been and is a resident of California.

5. Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter "CITY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the San Francisco Fire Department and the San Francisco Police Department and their tactics, methods, practices, customs and usage. At all relevant times, Defendant CITY was the employer of DOES 1 - 50 Defendants. Defendant CITY is vicariously liable under principles of respondeat superior for the California state law violations alleged against the individual Defendants.

6. Defendant SAN FRANCISCO FIRE DEPARTMENT (SFFD) is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California. SFFD personnel are named as Defendants DOES 1-25 are being sued in their individual capacity under the Fourth and Fourteenth Amendments, and under Plaintiff's state law claims.

7.  Defendant SAN FRANCISCO POLICE DEPARTMENT (SFPD) is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California. SFPD Officers DOES 26-50 are being sued in their individual capacity under the Fourth and Fourteenth Amendments, and under Plaintiff's state law claims.

8.  Plaintiff is ignorant of the true names and capacities of Defendant SFFD personnel and SFPD officers and therefore sues these Defendants by fictitious names of DOES 1-25 and DOES 26-50 respectively. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINSTRATIVE PREREQUISITES

9.  Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff filed a claim against the City and County of San Francisco on August 9, 2022. Plaintiff has not received notice of rejection by operation of law or otherwise.

## STATEMENT OF FACTS

10. The incident took place on June 13, 2022 in the evening at or near the Chase Center located at 1 Warriors Way, San Francisco, CA 94158. Ms. McKnight went to Game 5 of the NBA finals with her friend Amanda Piasecki. Both had purchased tickets to the game. During the game, Ms. McKnight and Ms. Piasecki left their seats and went down to the floor, near floor seats, holding banners stating "Overturn Roe? Hell No!" and similar slogans to protest for abortion rights. Once Ms. McKnight and Ms. Piasecki pulled out their banners and began chanting, "Abortion on demand and without apology. Without this basic right, women can't be free. Rise up for abortion rights," security guards surrounded them. Ms. McKnight and Ms.

Piasecki sat and then lay down on the floor in civil disobedience mode while continuing to chant. The security guards then quickly removed Ms. McKnight by dragging her on the floor by her feet and hands into a tunnel leading to the stadium garage. Inside the tunnel, one security guard aggressively pulled Ms. McKnight from behind and forced her to the ground. The guard then turned Ms. McKnight onto her stomach. San Francisco Police Department police officers arrived at the scene and handcuffed Ms. McKnight.

11. An Allied Universal Security guard then placed his knee into Ms. McKnight's back. A female SFPD police officer approached Ms. McKnight and stated, "If you don't comply, we're going to sedate you." Ms. McKnight, bewildered by the officer's response, stated that she was merely engaging in an act of civil disobedience and would not consent to being injected with a sedative. Ms. McKnight, who lay prone on her stomach, began to chant "Rise up for abortion rights! Overturn *Roe*? Hell no!" while handcuffed. However, even though Ms. McKnight was not physical, and was complying with the officer and security guards' commands, the SFFD arrived and strapped Ms. McKnight onto a gurney. While handcuffed and strapped to a gurney, a SFFD personnel approached Ms. McKnight with a syringe. Ms. McKnight steadfastly refused any injections. Regardless of her protest, and without her consent, she was injected with a sedative by a SFFD personnel. As a result, Ms. McKnight became dizzy and began to slur her words. The ambulance took Ms. McKnight to San Francisco Kaiser Permanente Medical Center where she was immediately discharged after a short time there.

12. As a result of this incident, Ms. McKnight suffered physical injuries, emotional distress, and a violation of her bodily integrity as she was sedated without her consent. Ms. McKnight did not exhibit any signs of danger to herself nor to others to justify the San Francisco

Fire Department personnel injecting her against her will. Therefore, the medical assault inflicted on Ms. McKnight by SFFD personnel was unreasonable, unlawful, and unnecessary.

### FIRST CAUSE OF ACTION
### (Violation of the Fourth and Fourteenth Amendments of the United States Constitution- Unnecessary Force and Due Process)
### (Plaintiff against Defendants DOES 1-50)

13. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 12 of this Complaint.

14. Defendants' above-described conduct constituted violations of Kareim McKnight's rights as provided for under the Fourth and Fourteenth Amendments to the United States Constitution. A Fourth Amendment seizure occurs when, in light of the circumstances, there is "an intentional acquisition of physical control," and "a reasonable person would have believed that he was not free to leave." A competent person has a constitutional right and protected liberty interest in refusing unwanted medical treatment. The due process clause of the Fourteenth Amendment substantively protects a person's rights to be free from unjustified intrusions to the body, to refuse unwanted medical treatment, and to receive sufficient information to exercise these rights voluntarily.

15. Defendant SFFD and SFPD personnel violated Ms. McKnight's rights because Ms. McKnight did not show any signs of dangerous behavior or signs of a medical emergency to justify DOES 1-25 injecting her with a sedative without her consent. In addition, Ms. McKnight did not demonstrate any signs of profound agitation or bewilderness to justify a medical need to be sedated because she was strapped to a gurney and handcuffed. Thus, she did not pose a threat to anyone. Further, footage from this incident also demonstrates that Ms. McKnight at no time was she incoherent before being injected with the sedative/hypnotic agent. She consistently

opposed the SFFD and SFPD personnel threats and attempts to inject her with the sedative. Ms. McKnight further expressed to no avail that she may even be allergic to the sedative. She was particularly dismayed that the fire personnel made no attempt to determine whether she would be allergic or not.

16. As a result, Defendants DOES 1-50 are liable for depriving Ms. McKnight of her right to refuse medical treatment.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
**(Monell – Municipal Liability for Unconstitutional Custom or Policy)**
**(42 U.S.C. § 1983)**
**(Plaintiff Against CITY, SFFD, and SFPD)**

17. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 16 of this Complaint.

18. Plaintiff is informed and believes and thereon alleges that the aforementioned law enforcement agencies and government policy or custom, whether made by its lawmakers or by those who represent official policy, inflicted the injury that the government as an entity is responsible for under 42 U.S.C. § 1983. Governmental entities are liable for monetary, declaratory, or injunctive relief where an action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or officially ratified or adopted decision. Local governmental entities also can be sued for constitutional deprivations visited pursuant to governmental policies or customs. Entity liability arises when the agency directs the deprivation of federal rights through an express government policy. Liability is also triggered by a custom or practice so widespread in usage as to constitute the "functional equivalent" of an express policy. A policy of action is one in which the government body itself violates someone's constitutional

rights or instructs its employees to do so. A policy of inaction is based on a governmental body's failure to implement procedural safeguards to prevent constitutional violations.

19. Plaintiff is informed and believes that there is a lack of policy and training as to when and how an injection should be administered to a protestor. Plaintiff is informed and believes that the government does not have a policy or criteria as to its standard for injecting a protestor. Therefore, Plaintiff believes this lack of policy allows government personnel to arbitrarily inject anyone subjectively without clear signs of a medical need. Ms. McKnight, at no time, was aggressive or physical with officers and medical personnel. In addition, there was no discussion if there was a clear medical need to sedate Ms. McKnight. Ms. McKnight was not dangerously agitated or suffering from any medical emergency justifying SFPD personnel's threat to have her injected with a sedative or the SFFD paramedics' injection of a sedative without her consent. Further, Ms. McKnight was also strapped onto a gurney when the paramedic injected her. Also, Ms. McKnight was not under the influence of any drugs or alcohol, and was not suicidal. Thus, Plaintiff contends that this egregious act was merely done to shut Ms. McKnight up!

20. As a result, Defendants CITY, SFFD, and SFPD are liable for Monell violations.

## THIRD CAUSE OF ACTION
**(Negligence)**
**(Plaintiff against Defendants CITY, SFFD, SFPD, and DOES 1-50)**

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 of this Complaint.

22. An individual is liable for injuries caused by failure to exercise reasonable care in

the circumstances. A cause of action for negligence arises when there is a legal duty to use due care. There is a breach of the legal duty and the breach is the proximate or legal cause of the resulting injury.

23. Defendants, without due care, injured Plaintiff. Defendants SFPD personnel had a duty to not make unsubstantiated threats to have a sedative injected. Defendants SFFD personnel had a duty as medical officials to use reasonable force. A yet-to-be identified SFFD personnel breached that duty by injecting Ms. McKnight with a sedative without her consent. Ms. McKnight was injured as a result of this negligence and suffered injuries which included dizziness, headaches, and body discomfort as a proximate and direct cause of the Defendants' negligent conduct.

24. As a result, Defendants CITY, SFFD, SFPD, and DOES 1-50 are liable for negligence.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Assault/Battery)**
**(Plaintiff against Defendants CITY, SFFD, SFPD, and DOES 1-50)**

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 of this Complaint.

26. Defendants acted with intent to cause harmful or offensive contact or threatened to touch plaintiff in a harmful or offensive manner. The plaintiff was touched in a harmful or offensive manner. Moreover, it reasonably appeared to plaintiff that Defendants were about to carry out the threat. Plaintiff did not consent to Defendants' harmful contact. Battery occurred when Defendants actually made contact with and harmed the Plaintiff. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

27. A yet-to-be identified employee at the SFFD, intended to touch Ms. McKnight in a harmful or offensive manner. Ms. McKnight reasonably believed she was about to be touched in a harmful or offensive manner. It reasonably appeared to Ms. McKnight that the Defendant employee was about to carry out the threat. Ms. McKnight did not consent to the employee's harmful contact, which ultimately led to her injuries. The Defendant's actions were excessive and unreasonable.

28. As a result, Defendants are liable for assault and battery violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants CITY, SAN FRANCISCO FIRE DEPARTMENT PERSONNEL, SAN FRANCISCO POLICE DEPARTMENT, and DOES 1 through 50 and/or each of them;

4. Any and all permissible statutory damages;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated: August 9, 2022                    **Law Offices of John L. Burris**

/s/ *John L. Burris*
John L. Burris
Attorney for Plaintiff