UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREIM MCKNIGHT,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 22-cv-04600-WHO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 58 |

Defendants employed by the City and County of San Francisco detained, arrested, and injected plaintiff Kareim McKnight with a sedative following McKnight's participation in a group protest at the Chase Center in San Francisco during a Golden State Warriors game. McKnight sued. Following a prior motion to dismiss that was granted in part and denied in part and the filing of McKnight's Third Amended Complaint ("TAC"), defendants again move to dismiss. On this motion defendants argue that: (1) McKnight has still not alleged any claims against San Francisco Police Department ("SFPD") Captain Amy Hurwitz; (2) she fails to state a claim of false imprisonment; (3) her Ralph Civil Rights Act claim remains deficient; and (4) she was not given leave to add two new defendants who should be dismissed. The motion to dismiss is GRANTED on the false imprisonment claim and DENIED concerning defendant Hurwitz and the Ralph Act claim. The two defendants added without leave of court are STRUCK from the TAC.[1]

**LEGAL STANDARD**

Under FRCP 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must

---

[1] This matter is appropriate for resolution without oral argument. *See* Civ. L.R. 7-1(b). The March 6, 2924 hearing is VACATED. The factual background was described in my prior Order, Dkt. No. 54 ("December 2023 Order), and will not be repeated here.

1  allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.
2  Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts
3  that "allow the court to draw the reasonable inference that the defendant is liable for the
4  misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There
5  must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. While courts
6  do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to
7  "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.
8       In deciding whether the plaintiff has stated a claim upon which relief can be granted, the
9  court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the
10 plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However,
11 the court is not required to accept as true "allegations that are merely conclusory, unwarranted
12 deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049,
13 1055 (9th Cir. 2008). If the court dismisses the complaint, it "should grant leave to amend even if
14 no request to amend the pleading was made, unless it determines that the pleading could not
15 possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.
16 2000). In making this determination, the court should consider factors such as "the presence or
17 absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by
18 previous amendments, undue prejudice to the opposing party and futility of the proposed
19 amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

## I. ALLEGATIONS AGAINST HURWITZ

In the December 2023 Order, I dismissed McKnight's claims against Hurwitz for violation of the Fourth and Fourteenth Amendments based on use of unreasonable force and lack of due process, for negligence, for assault and battery, and for violation of California's Bane Act (Cal. Civ. Code § 52.1), because McKnight failed to allege sufficient facts regarding Hurwitz's conduct to plausibly allege that she was a decision maker or otherwise "integral" participant in the administration of the sedative to McKnight. December 2023 Order at 5, 7, 8.

In the TAC, McKnight realleges that it was Hurwitz who first threatened McKnight, telling

her she would be injected with a sedative if she did not calm down and stop yelling (TAC ¶ 2), and that Hurwitz was part of the group of SFPD officers who decided to handcuff and arrest McKnight (who is black) but let another (white woman) protestor go. *Id*. ¶ 15. The TAC alleges that Hurwitz accused McKnight of being "borderline violent" even though McKnight's actions were similar to the actions of other protestors in the arena, and Hurwitz "made the decision" to arrest McKnight alone and to allow the other protestors to leave the arena "without incident." *Id*. ¶ 16. McKnight also states that Hurwitz "misrepresented" to San Francisco Fire Department ("SFFD") paramedics that McKnight needed medical treatment for a shoulder injury as part of the pretext for injecting her with a sedative despite McKnight making it clear her shoulder was not injured. *Id*. McKnight further asserts that Hurwitz "made the decision" to have her injected because she believed McKnight "must have been suffering a mental health crisis" and Hurwitz "misrepresented" McKnight's mental state and need for medical attention given the purported "shoulder injury" to the SFFD paramedics, "leading" to defendant Smith's order "to unlawfully inject McKnight" with a sedative. *Id*. ¶ 26.

Defendants argue that these more specific allegations are insufficient satisfy the test for an "integral participant." That test requires that "the defendant knows about and acquiesces in the constitutionally defective conduct as part of a common plan with those whose conduct constitutes the violation" or where "the defendant set[s] in motion a series of acts by others which [the defendant] knows or reasonably should know would cause others to inflict the constitutional injury." *Peck v. Montoya*, 51 F.4th 877, 889 (9th Cir. 2022); *see also* December 2023 Order at 3-4 (discussing the integral participant doctrine).

Defendants characterize the additional allegations as, at most, showing that Hurwitz's conduct was part of the "but-for" causation chain, but note that but-for causation itself is insufficient. *Peck*, 51 F.4th at 890. But the allegations regarding Hurwitz go beyond mere but-for causation. They plausibly support an inference that Hurwitz's "misrepresentations" regarding McKnight's conduct, mental state, and physical injuries "set in motion a series of acts by others which [the defendant] knows or reasonably should know would cause others to inflict the constitutional injury." *Id*. at 889.

3

The impact of decisions and acts by the other defendants, who restrained and administered the sedative to McKnight, and whether Hurwitz was on still on the scene at that time, are relevant factors to be explored in discovery and weighed by the trier of fact. The allegations against Hurwitz suffice at this stage.

Defendants' challenge to the negligence, assault/battery and Bane Act claims against Hurwitz depends on the success of their argument that McKnight failed to allege facts sufficient to plead that Hurwitz was an integral participant for the section 1983 Fourth and Fourteenth Amendment claims. Mot. at 12-13. Having found the claims sufficient to state the section 1983 claims against Hurwitz, these claims survive as well.

## II. FALSE IMPRISONMENT

Defendants also move to dismiss the false imprisonment claim, alleged in the TAC in lieu of the dismissed as not-cognizable kidnapping claim. December 2023 Order at 8-9. As explained in the December 2023 Order, to prevail on a section 1983 claim for false arrest and imprisonment, "[plaintiff] would have to demonstrate that there was no probable cause to arrest [plaintiff]." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). "Probable cause does not require proof beyond a reasonable doubt of every element of a crime." *United States v. Noster*, 590 F.3d 624, 629 (9th Cir. 2009). "Rather, probable cause exists where under the totality of the circumstances known to the officer, a prudent person would have concluded that there was a fair probability that the suspect had committed or was committing a crime." *Id*. at 629–30. To state this claim, McKnight must "plead facts showing that the arresting officer did not have probable cause to believe she committed a crime." *Anaya v. Marin Cty. Sheriff,* No. 13-CV-04090-WHO, 2014 WL 6660415, at *6 (N.D. Cal. Nov. 24, 2014).

On the prior round of briefing, defendants argued that a false imprisonment claim cannot be alleged given the facts McKnight admitted: she was protesting on the court at the Chase Center during a Warriors game and continued chanting after being removed to the tunnel and/or parking garage. Those facts, defendants argued, demonstrated that McKnight could be arrested for criminal trespass under California Penal Code section 602. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 473 (9th Cir. 2007) (rejecting false arrest claim where "[d]efendants had probable

4

cause to believe Blankenhorn was trespassing and that [the property owner] would want to prosecute or have him removed"); *Garcia v. City of Santa Clara*, No. C 10-2424 SI (PR), 2015 WL 5299460, at *6 (N.D. Cal. Sept. 9, 2015), aff'd, 772 F. App'x 470 (9th Cir. 2019) ("no reasonable jury could find in [plaintiff's] favor on his claim that he was subjected to a false arrest" where undisputed security officers informed hotel occupants to leave, but they refused and police were summoned to assist in eviction of hotel guests because "the officers had probable cause to arrest [plaintiff] for trespass. Even viewing the evidence in the light most favorable to [plaintiff], a prudent person would have concluded that there was a fair probability that [plaintiff] had committed the crime of trespass because [plaintiff] had refused to comply with" the officer's instructions to leave).

While recognizing that defendants had a strong argument, I gave McKnight leave to amend a false imprisonment claim "as she may be able to allege facts that would undermine the probable cause showing regarding the arresting defendants." December 2023 Order at 9. In the TAC, McKnight bases this claim on the unlawful act of strapping her to a gurney and administering the sedative, based on Hurwitz's misrepresentations of her conduct and mental and physical state. TAC ¶¶ 50-51. Her claim, therefore, is not based on her arrest per se, but on the egregious and unnecessary "restraint" by use of the sedative. Oppo. at 4-5.

In support of this argument, McKnight relies on *United States v. Span*, 970 F.2d 573, 580 (9th Cir. 1992). That case did not consider a false arrest claim. Instead, it considered whether a district court "erred by refusing to give jury instructions offered by the [defendants] on the right of a defendant to resist an arrest that is unlawful because it is not supported by probable cause." *Id*. at 579; *see also id*. at 580 (recognizing "at most" "an individual has a limited right to offer reasonable resistance to an arrest that is the product of an officer's personal frolic. [] That right is not triggered by the absence of probable cause, but rather by the officer's bad faith or provocative conduct."). It is inapposite. McKnight fails to allege facts that would have undermined the officers' probable cause for criminal trespass established by her own alleged conduct.

The false imprisonment claim is DISMISSED with prejudice.

5

### III. RALPH ACT

Section 51.7 of the California Civil Code ("Ralph Act") provides that "[a]ll persons . . . have the right to be free from any violence, or intimidation by threat of violence committed against their persons or property" on the basis of a wide variety of protected characteristics, including race, gender and religion. Cal. Civ. Code §§ 51.7, 51(b). In the December 2023 Order I dismissed McKnight's Ralph Act claim because the SAC lacked facts to plausibly support that she was treated differently because of her race as opposed to her conduct. December 2023 Order at 10-11. She was given leave to amend to allege facts "to support the inference that her race caused defendants to arrest and/or inject her with the sedative. Those facts must include allegations regarding the conduct of the white friend or identified others in the group to demonstrate McKnight was similarly situated to those others (and yet was treated differently), as well as clarifying facts regarding the conduct of each defendant and whether the white friend or other protestors were still on the scene when Smith and the SFFD defendants arrived." In the TAC, McKnight now alleges that defendants "racially profiled" her, that Hurwitz allowed the white protestor to leave without citation or arrest, and accused McKnight of "being borderline violent" even though McKnight "acted in a similar manner as the white protestor "until the escalation by Defendants Smith and Hurwitz threatening McKnight with the injection of Versed." TAC ¶ 55; *see also id*. ¶ 16 ("McKnight's actions were similar to the actions of other protestors who were present at the arena").

In moving again to dismiss, defendants complain that these assertions are insufficient and not supported by detailed facts of the type suggested in the December 2023 Order. That is a fair criticism. It notes that in the TAC McKnight removed the allegations that she had continued to chant and protest after being removed from the floor of the arena. Mot. at 15-16; Reply at 8. At this stage, however while the facts are skimpy, the additions suffice to make this a plausible claim. Whether defendants arrested McKnight and administered the sedative to her in part because of her race, and treated the white protestor differently because of her race, can be explored through discovery and tested on summary judgment.

## IV.   NEWLY ADDED DEFENDANTS

Finally, defendants move to foreclose McKnight's apparent attempt to name two new defendants, SFFD employee Felicia Lee and SFPD officer Ryan Buckley.  TAC ¶¶ 11-12.  Defendants are correct that McKnight's attempt to add these defendants without seeking leave to amend was improper.  Mot. at 16-17 (citing authority).  In opposition, McKnight recognizes her failure to follow proper procedure but argues that "innocuous technicality" should be ignored.  Given the newly discovered bases for adding these defendants, she argues that she should be allowed in the interests of justice to proceed with them in the TAC or be given the opportunity to formally request leave to amend.  Oppo. at 7.

Lee and Buckley are STRUCK from the TAC.  If McKnight wishes to add these individuals as defendants, she shall file a motion for leave to do so within twenty (20) days of the date of this Order and set that motion for hearing consistent with this court's Civil Local Rules.

## CONCLUSION

The motion to dismiss is DENIED regarding Hurwitz and the Ralph Act Claim.  The false imprisonment claim is DISMISSED with prejudice.  Defendants Lee and Buckley are STRUCK from the TAC; McKnight is given leave to amend to include these newly identified defendants within twenty (20) days of the date below.[2]

**IT IS SO ORDERED.**

Dated: February 28, 2024



William H. Orrick
United States District Judge

---

[2] I recognize that this Order may have some impact on the parties' meet and confer efforts regarding discovery.  Dkt. No. 60.  If the parties desire, they may extend to March 8 the deadline to file a discovery dispute letter, which I will hear on March 13, 2024, at 2:00 p.m.